*E-FILED - 6/3/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CARL FREITAS, | No. C 10-3172 RMW (PR) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| DOMINGO URIBE, JR., Warden, | |
| Respondent. | (Docket No. 5) |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has moved to dismiss the petition as untimely. Although given an opportunity, petitioner has not filed an opposition. Having reviewed the papers and the underlying record, the court concludes that the petition is untimely, GRANTS respondent's motion to dismiss, and DISMISSES the petition.

**BACKGROUND**

According to his petition, petitioner was convicted by jury in Santa Clara County Superior Court for three counts of first degree murder with special circumstances, vehicle theft, and possession of a firearm while under the influence. On August 23, 2002, he was sentenced to three terms of life without the possibility of parole. On February 25, 2005, the California Court of Appeal struck two of the three special circumstance findings and affirmed. (Petition at Attachment 1.) On June 8, 2005, the California Supreme Court denied review. (MTD, Ex. 1.) Petitioner did not file any state habeas petitions. Petitioner filed the instant federal petition on July 20, 2010.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.10\Freitas172mtdtime.wpd

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on September 6, 2005, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on September 6, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was filed almost four years later, on July 20, 2010.

Petitioner has not argued that he is entitled either statutory or equitable tolling, and the court is unaware of any basis for tolling in this case. Accordingly, the federal habeas petition is untimely.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED and the petition is DISMISSED. The Clerk shall enter judgment and close the file.

Order Granting Motion to Dismiss Petition; Denying Certificate of Appealability
P:\PRO-SE\SJ.Rmw\HC.10\Freitas172mtdtime.wpd          2

**CERTIFICATE OF APPEALABILITY**

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: 6/3/11

_____
RONALD M. WHYTE
United States District Judge